DECISION
Petitioner, Paul H. Grenon, seeks compensation under the Criminal Injuries Compensation Act, § 12-25-1 et seq of the Rhode Island General Laws (as amended). The facts are not in dispute and the parties have, at a hearing before this court on August 7, 1996, agreed to submit the matter to the court for initial determination of the legal issue on whether a fireman injured in the line of duty is a "victim" for which a remedy and damages are available under the Criminal Injuries Compensation Act (hereinafter "Act").
Facts
Paul H. Grenon who, while a Captain in the Central Falls Fire Department, was seriously injured during the suppression of a fire and while in the line of duty on October 1, 1983. As a result of said injuries Captain Grenon sustained medical bills of $14,905.81 and was not able to return to his duties as a firefighter. He was placed in a disabled status and receives a disability pension of 66% of a Captain's salary as of April 1, 1985.
In 1972 the General Assembly of the State of Rhode Island adopted the Act as a remedial measure to assist "victims" injured as a result of the criminal acts of others. It is undisputed that this petitioner was injured while in a burning building which fire had started through arson committed by one Karl E. Fitzgerald. Plaintiff remains totally disabled as a result of this accident. The parties have agreed that if Captain Grenon is a "victim" as anticipated under the Act, he would be eligible for the maximum amount permitted under said Act.
Issue
The parties and this court agree that the sole issue in this case is whether or not Captain Paul H. Grenon, as a firefighter injured in the line of duty as the result of the criminal acts of another, is a "victim" and thus entitled to recovery under the provisions of the Act
Discussion
It is clear to the court that our General Assembly intended to compensate victims of violent crimes when they adopted this legislation in 1972. It also is clear to this court that the Act is remedial in nature and was intended to compensate victims who might not otherwise recover from the perpetrator of said criminal acts or from any other source. The legislation is silent on whether or not it includes firefighters or, for that matter, police officers who may be injured while performing their duties.
In the absence of any direct inclusion of firefighters in the Act, this court must look at not only the intent of the Act but other cases that may reflect the intent of said Act. This court is drawn to the "Firefighter's Rule" which extinguishes negligence claims arising out of injuries sustained during the performance of firefighting duties. See Richard Labrie v. PaceMembership Warehouse. Inc. et al, R.I. Supreme Court No. 94-458-Appeal decided on July 11, 1996 in which our Supreme Court found that the "Firefighter's Rule" did not apply for injuries sustained by a firefighter who was performing a routine fire alarm inspection during the construction of a building. This, of course, is not this case in which the firefighter was injured by a criminal tortfeasor and during the performance of his fire suppression duties. Absent any legislative inclusion, this court believes that the "Firefighter's Rule", if not applicable, is certainly analogous to the present situation and like the "Firefighter's Rule" bars recovery from the Victims Indemnity Fund.
Furthermore this court believes it is bound by the law of the case when my colleague, Mr. Justice Campanella, ruled, in a similar case, that a firefighter was not included within the Act. See Edward J. McCann v. State of Rhode Island, Providence Superior Court No. 83-5199, copy attached.
Justice Campanella found that a firefighter, "whose major duties are to prevent or extinguish fires, . . . is not a victim as the term is employed in the Act. The plaintiff is neither victim, bystander, nor passerby. His participation at the fire was required so that he could properly discharge his duty as a firefighter. He was injured in the line of duty of firefighting."
Furthermore, this court believes that this decision as well as Justice Campanella's decision are consistent with a proper reading of the Act. I believe that the Criminal Injuries Compensation Act was adopted to assist victims who otherwise would recover nothing as a result of the criminal acts of others. In this case Captain Grenon, as a result of his service as a firefighter, was able, even if said amount is not totally sufficient, to receive a disability pension so that for the remainder of his life he will receive some compensation for his injuries, which compensation is a higher amount than the benefits normally received from an injury-free retirement.
Thus, this court finds that Captain Paul H. Grenon is not a victim as described under the Criminal Injuries Compensation Act and is not eligible to participate or receive any of the remedial benefits set forth therein. The State of Rhode Island shall prepare the appropriate order.